# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:17CR339 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| FRANCISCO BECERRA-ROBLES, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss, ECF No. 22; the Findings and Recommendation of the Magistrate Judge, ECF No. 38, recommending that the Defendant's Motion to Dismiss be granted; and the Government's Objection to the Magistrate Judge's Findings and Recommendations, ECF No. 39. For the reasons discussed below, the Government's Objection will be overruled; the Magistrate Judge's Findings and Recommendations will be adopted; the Defendant's Motion to Dismiss will be granted; and the Indictment will be dismissed, with prejudice.

## BACKGROUND

The material facts are not in dispute. In the Findings and Recommendation, ECF No. 38, Page ID 141-145, Magistrate Judge Michael D. Nelson presented a thorough statement of the facts, with pinpoint citations to the evidence, including the transcript of proceedings, ECF No. 37. The Court incorporates that statement of facts by reference, and provides the following summary.

Defendant was convicted of an aggravated felony in 1992, and deported to Mexico in 1994. He reentered the United States in 2000 and began to live in Omaha, Nebraska. On April 30, 2001, the Nebraska service center for the Immigration and Naturalization Service (INS) of the U.S. Department of Justice in Lincoln, Nebraska, received a form I-

130, titled "Petition for Alien Relative," filed by Defendant's father on Defendant's behalf. The Petition included the Defendant's social security number, his true name, his true date of birth, and stated that he was at an Omaha address. The Petition also noted that the Defendant was married in Omaha on May 13, 2000, and had a son born in Nebraska on January 21, 2001. The Petition stated that the Defendant was in the United States and would apply for adjustment of status at the INS office in Omaha.

On August 12, 2003, the Petition was denied by the INS. The INS agent noted that the Defendant was a "NO SHOW" on that date, and the agent stated: "Appears beneficiary is in the U.S." The INS agent also wrote the Defendant's alien registration number on the Petition the date it was denied. The alien registration number would have allowed the examiner to pull up the Defendant's immigration record "easily" and confirm his prior deportation. Tr., ECF No. 37, Page ID 108.

On August 4, 2017, an agent of Immigration and Customs Enforcement (ICE) received two anonymous tips that Defendant might be in Omaha. The agent investigated the tips and confirmed that the Defendant was living in Omaha under the name and date of birth that corresponded with the information in the Defendant's Department of Homeland Security (DHS) file, and that Defendant owned a house, and a business, and several cars registered in his name.

An indictment, ECF No. 13, was returned on November 15, 2017, charging the Defendant with being a previously deported alien found in the United States without express consent of the Attorney General, in violation of 8 U.S.C. § 1326(a). Magistrate Judge Michael D. Nelson recommended that the Indictment be dismissed due to expiration of the five-year statute of limitations under 18 U.S.C. § 3282.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(3), the Court shall make a *de novo* review of the portions of the Magistrate's Findings and Recommendation to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings and recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

The Government argues that the information known to INS in 2001-03 should not be imputed to ICE or DHS. The Government further argues that the information in the Petition submitted to INS in 2001 should not be considered constructive notice of the Defendant's presence in Nebraska, because the Petition was prepared and submitted by the Defendant's father and not the Defendant himself, and the Petition might be viewed as a request for permission for the Defendant to reside in Nebraska rather than notice of his actual presence in Nebraska.

INS was the predecessor agency that handled all immigration matters before the creation of DHS and its immigration divisions, including ICE, in 2003. This Court concludes that facts known to INS in 2001-03 may trigger the running of a statute of limitations under 18 U.S.C. § 3282 for a violation of 8 U.S.C. § 1326(a).

The Petition submitted to INS in 2001, ECF No. 30, listed the Defendant's residence as a specific address in Omaha, Nebraska; it stated he was married in Omaha, Nebraska, on May 13, 2000; and it stated that he was "currently in the U.S." without inspection. It supplied his true name, date of birth, and social security number. The INS agent who

denied the Petition on August 12, 2003, noted the Defendant's alien registration number and easily could have ascertained the Defendant's prior deportation.  While the Defendant did not physically appear in the INS office in 2001-03, the INS had all the information necessary to confirm the Defendant's presence in the United States, and the INS agent's notation on the Petition reflects the fact that in 2003 the agent believed the Defendant to be in the United States.

The Magistrate Judge relied on the analysis of the Eighth Circuit in *United States v. Gomez,* 38 F.3d 1031 (8th Cir. 1994), when concluding that the statute of limitations had run long before the Indictment was filed in this case.  In *Gomez*, the Eighth Circuit noted that when a defendant is charged with a violation of 8 U.S.C. § 1326(a) for being a previously deported alien found in the United States without permission, the statute of limitations does not begin to run until the defendant is discovered by immigration authorities.  *Id.* at 1043-35.  To determine when a defendant's presence is discovered, "[f]irst, the physical presence of the deported alien in the United States must be discovered."  *Id*. at 1036 (citing *United States v. Whittaker*, 999 F.2d 38, 41 (2nd Cir. 1993)).  Second, "the identity and status of the previously deported alien" must be ascertained. *Id*. at 1036.  Here, both the physical presence of the Defendant in Omaha and his identity and status as a previously deported alien were ascertained by INS in 2001-03.  Even if the agents of the INS were blind to the information clearly before them, they possessed the means by which they could determine the Defendant's status as a deported alien, and they had constructive knowledge of his status.  *Id*. at 1037-38.  ("[W]e believe that the statute of limitations for a 'found in' violation should also begin running when

4

immigration authorities could have, through the exercise of diligence typical of law enforcement authorities, discovered the violation.").

**CONCLUSION**

Because the INS had information in 2001-03 revealing the physical presence of the Defendant in the state of Nebraska, as well as his identity and status as a previously deported alien, the statute of limitations for a violation of 8 U.S.C. § 1326(a) expired long before the filing of the Indictment in 2017.

Accordingly,

IT IS ORDERED:

1. The Government's Objection to the Magistrate Judge's Findings and Recommendations, ECF No. 39, is overruled;

2. The Findings and Recommendation of Magistrate Judge Michael D. Nelson, ECF No. 38, are adopted;

3. The Defendant Francisco Becerra-Robles's Motion to Dismiss, ECF No. 22, is granted; and

4. The Indictment, ECF No. 13, is dismissed, with prejudice.

DATED this 22nd day of February, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge